```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                   FORT MYERS DIVISION
```

IN RE:   LAWRENCE N. PETRICCA,
SR.
_____

LAWRENCE N. PETRICCA, SR.,

      Appellant,

v.                                    Case No:   2:16-cv-653-FtM-99
                                          Bankr. No: 9:08-bk-16204-FMD
DIANE L. JENSEN,

      Appellee.
_____

## OPINION AND ORDER

This matter comes before the Court on appellee's Motion to Dismiss Bankruptcy Appeal (Doc. #5) filed on September 14, 2016. Appellant filed a response in opposition (Doc. #9) on October 25, 2016. For the reasons set forth below, the motion is granted.

**I.**

The Bankruptcy Court record (Doc. #8) reflects that an involuntary Chapter 7 bankruptcy proceeding was filed against debtor Lawrence N. Petricca, Sr. (Debtor or appellant or Petricca) in October, 2008. See In re Petricca, 9:08-bk-16204-FMD. In due course, Diane L. Jensen (Trustee or Jensen) was appointed Trustee of the bankruptcy estate. Debtor received a discharge on March

8, 2013 (Bank. Doc. #385)[1].  On June 15, 2016, Jensen filed a Final Report ("Final Report") (Doc. #8-65).  As relevant to this appeal, at a hearing before the Bankruptcy Court, Petricca raised oral objections to the Final Report, which the Bankruptcy Court considered and overruled both at the hearing and by written order.  (Docs. ##8-74, 8-79.)  Thereafter, Petricca filed a Motion for Reconsideration of the Bankruptcy Court's Order (Doc. #8-75) that was denied by the Bankruptcy Court on August 11, 2016 (Doc. #8-2).  Petricca filed a Notice of Appeal (Doc. #1) with the United States District Court appealing the Bankruptcy Court's Order denying his motion for reconsideration (Doc. #8-2; Bankr. Doc. #573).  Petricca, who is proceeding pro se, also purports to be appealing "the fact that the Trustee's alleged asset sale has denied the Debtor a 'Fresh Start' in his bankruptcy."  (Doc. #1.)

**II.**

The Court addresses the two prongs of the Notice of Appeal separately.

**A. Appeal of Fact of Lack of Fresh Start**

---

[1] The Court will make reference to the documents filed in the underlying bankruptcy case for 9:08-bk-16204-FMD throughout this Opinion and Order, identified as "Bankr. Doc. #," which are otherwise judicially noticed and accessible through PACER.  Copies of relevant documents are also included in the record transmitted by the Bankruptcy Court at Doc. #8, which will be identified in this Opinion and Order as "Doc. #."

The United States District Court functions as an appellate court in reviewing "final judgments, orders, and decrees" and certain "interlocutory orders and decrees" of the United States Bankruptcy Court.  28 U.S.C. § 158(a); In re JLJ, Inc., 988 F.2d 1112, 1116 (11th Cir. 1993).  The District Court has no freestanding jurisdiction to review "facts" unconnected to a specific final judgment, order or decree, such as the fact asserted by appellant in his Notice of Appeal.  Therefore, to the extent appellant is seeking to appeal the "fact" that he has been denied a fresh start, that portion of his appeal is dismissed with prejudice for lack of subject-matter jurisdiction.  Appellant is not precluded from arguing that the lack of a fresh start is a basis for challenging the only order he challenges on appeal – the denial of his motion for reconsideration.

**B. Denial of Motion for Reconsideration**

Under the Final Report, Debtor will not receive any disbursement from the bankruptcy estate.  Debtor complains only of the Trustee's sale of a potential cause of action which may be brought against the Debtor.  Because this results in a potential lawsuit against Debtor, Debtor argues that he has not really been given a "fresh start" by his discharge in bankruptcy.  This objection to the Bankruptcy Court was overruled, and the Bankruptcy

Judge declined to change her mind as a result of Debtor's Motion for Reconsideration.  From this, Debtor appeals.

Trustee Jensen moves to dismiss this appeal, arguing that Petricca does not have standing to challenge the Final Report because Petricca received his discharge on March 8, 2013 (Bankr. #385) and, since he will not be receiving any disbursements from the bankruptcy estate, he is not directly or adversely affected pecuniarily by the Final Report.  (Doc. #5.)  Appellant asserts that the potential litigation against him which the Final Report allows gives him a pecuniary interest in the Final Report.

As a "party in interest," Debtor had standing to object to the Trustee's Final Report.  In re Smith, 522 F. App'x 760, 764-65 (11th Cir. 2013).  However, due to the nature of bankruptcy proceedings, which often involve parties and claimants who are dissatisfied with any compromise, special rules have been developed to govern which parties may appeal a bankruptcy court order.  In re Ernie Haire Ford, Inc., 764 F.3d 1321, 1324–25 (11th Cir. 2014).  The Eleventh Circuit has adopted a "person aggrieved" standard for determining whether a party can appeal a bankruptcy court's order.  Id.  "The person aggrieved doctrine limits the right to appeal a bankruptcy court order to those parties having a direct and substantial interest in the question being appealed. We have held that this doctrine defines aggrieved persons as those

individuals who are directly, adversely, and pecuniarily affect[ed] by a bankruptcy court's order. An order will directly, adversely, and pecuniarily affect a person if that order diminishes their property, increases their burdens, or impairs their rights." Id. at 1325. See also In re Westwood Cmty. Two Assoc., Inc., 293 F.3d 1332, 1335 (11th Cir. 2002).

Here, the only basis for standing which appellant asserts is that he may be subject to further litigation, and therefore has not received a "fresh start." The Court finds this is insufficient to establish standing. A party is not aggrieved, for the purposes of appealing from a bankruptcy court order, when the only interest allegedly harmed by that order is the interest in avoiding liability from future litigation. "This is so because an order subjecting a party to litigation, or the risk thereof, causes only *indirect* harm to the asserted interest of avoiding liability. Orders allowing litigation to go forward do not burden a party's ability to defend against liability; they simply require parties to exercise that ability. Such an effect does not constitute the direct harm necessary to satisfy our person aggrieved standard." In re Ernie Haire Ford, Inc., 764 F.3d at 1325–26 (emphasis in original).

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

    1.    Appellee's Motion to Dismiss Bankruptcy Appeal (Doc. #5) is **GRANTED.**

    2.    The Notice of Appeal in this case is **DISMISSED without prejudice** for lack of standing by appellant.  The Clerk shall enter judgment accordingly, transmit a copy of this Opinion and Order and the Judgment to the Clerk of the Bankruptcy Court, terminate the appeal, and close the file.

    **DONE and ORDERED** at Fort Myers, Florida, this ___19th___ day of December, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Appellant
Counsel of Record
Clerk, Bankr. Court